UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JAMMIE COLLIER**, <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Respondent. | 4:12-cr-20148-TGB-MJH-1 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT AND FOR COMPASSIONATE RELEASE (ECF NOS. 43, 44, 45, 46)** |

Petitioner Jammie Collier was convicted under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) of being a felon in possession of a firearm. ECF No. 27, PageID.64. On February 12, 2013, district court Judge Mark A. Goldsmith sentenced Petitioner to a term of 34 months, which was to be served concurrently with Petitioner's state court sentence. ECF No. 27, PageID.65. The judgment was later reduced to 23 months, also to be served concurrently with the state court sentence, followed by a 3-year term of supervised release. ECF No. 32, PageID.79-80. While on supervised release, the United States Probation Department alleged that Collier violated the terms of his supervised released by (1) committing another federal, state, or local crime, and (2) positive tests for drug use. ECF No. 47, PageID.129. Following a

1

supervised release violation hearing, this Court sentenced Petitioner to a term of 18 months and an additional 18 months of supervised release following the period of incarceration. ECF No. 47, PageID.136.

This matter is now before the Court on Petitioner's requests for relief from judgment pursuant to Rule 60(a)(b)(6) (ECF Nos. 43, 44), 28 U.S.C. § 2255 (ECF No. 45), and compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 46). For the reasons discussed below, Petitioner's motion for relief from judgment (ECF Nos. 43, 44) and motions to reduce sentence (ECF Nos. 45, 46) will be **DENIED**.

## I. BACKGROUND

On February 12, 2013, District Court Judge Mark A. Goldsmith sentenced Petitioner to a term of 34 months for violations of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). ECF No. 27, PageID.65. The judgment was later reduced to 23 months, was to be served concurrently with the state court sentence and followed by a 3-year term of supervised release. ECF No. 32, PageID.79-80. While on supervised release, the United States Probation Department alleged that Collier violated the terms of his supervised released by (1) committing another federal, state, or local crime, and (2) positive tests for drug use. ECF No. 47, PageID.129. The first allegation was related to an arrest and subsequent charges related to a shooting and possession of a firearm. ECF No. 47, PageID.129. However, on March 16, 2017 during the supervised release violation hearing, the Government dropped the allegations related to the

federal, state, or local crime after Petitioner admitted to using controlled substances. This Court sentenced Petitioner to 18 months imprisonment for violating his supervised release by engaging in drug use and an additional 18 months of supervised release following the term of incarceration. ECF No. 47, PageID.135.

While this Court was addressing the alleged violations of his supervised release, Petitioner was awaiting a decision from the Michigan parole board because his parole was allegedly violated as a result of the alleged shooting and possession of a firearm. ECF No. 47, PageID.132. After imposing the 18 month sentence, this Court declined to decide whether the 18 month sentence would run concurrent with any *anticipated*[1] state charges related to the parole violation—leaving the decision "up to the parole board." ECF No. 47, PageID.137.

According to the parole violation formal hearing summary and recommendation (ECF No. 5-2), a hearing regarding Petitioner's parole violation was held on February 14, 2017 and continued on February 23, 2017. Following the presentation of evidence, it was found that Petitioner was in actual possession of a firearm and therefore had violated the terms of his parole. ECF No. 5-2, PageID.178. Petitioner was sentenced to 60

---

[1] The Supreme Court held in *Sester v. United States* "that federal judges could impose a sentence consecutive to an anticipated *state* sentence." *United States v. Wright*, __ Fed. App'x __, No. 19-6466, 2021 WL 245292 at *3 (6th Cir. Jan. 26, 2021) (referencing *Sester v. United States*, 566 U.S. 231, 244-45 (2012)) (emphasis in original).

months for the parole violation and was returned to MDOC custody. After his parole violation sentence, which was completed on June 10, 2020, Petitioner was transferred to BOP custody to serve the 18 month sentence that this Court imposed. According to the BOP website, he is set to be released on July 9, 2021.

## II.   ANALYSIS

Now before the Court are four motions requesting various forms of relief from the 18 month judgment. The Court will address each in turn.

### a.   Motion for Relief from Judgment

Petitioner's first and second motions request relief from judgment under Rule 60(a)(b)(6). ECF No. 43, PageID.104; ECF No. 44. Under Rule 60, a party may seek relief from a final order or judgment due to mistake, newly discovered evidence, fraud, void judgment, discharged or vacated judgment, or "any other reason that justifies relief." Fed. R. Civ. P. Rule 60(b)(6). In both motions, Petitioner contends that this Court incorrectly imposed the 18-month supervised release violation sentence as it should have run concurrently to the MDOC parole violation sentence "in compliance with USSG 5G1.3(b)(1) & (2)." ECF No. 43, PageID.104. If the correct standards were applied, Petitioner argues he should have been discharged from BOP custody because the federal and state sentences would have run concurrently with one another and thus would have expired.

Based on a review of the Sentencing Guidelines, the Court finds that Petitioner's argument fails. Petitioner directs the Court to U.S.S.G. § 5G1.3 and contends it requires that the sentences run concurrently. "That provision, however, 'does not apply to sentences imposed for violations of supervised release.'" *United States v. Wright*, __ Fed. App'x __, No. 19-6466, 2021 WL 245292, at *2 (6th Cir. Jan. 26, 2021) (quoting *United States v. King*, 914 F.3d 1021, 1025 n.3 (6th Cir. 2019) (quoting *United States v. Cochrane*, 702 F.3d 334, 347 n.1 (6th Cir. 2012)). Rather, "it concerns 'sentences for convictions that occur while a defendant is on supervised release, not supervised release violations itself." *Id.* (internal citations omitted). Here, not only did the Court sentence Petitioner for the supervised release violations itself—drug use—but there was no conviction related to the shooting and firearms because the criminal charges were dismissed. ECF No. 47, PageID.130. Because Petitioner's sentence was for a supervised release violation and not a conviction that occurred while Petitioner was on supervised release, U.S.S.G. § 5G1.3 does not apply.

The proper Guideline to evaluate the sentence under is U.S.S.G. § 7B1.3(f). Contrary to Petitioner's argument, the Guidelines generally recommend imposing consecutive sentences for supervised release violations:

> [a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served *consecutively* to any sentence of imprisonment that the defendant

5

>is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f) (emphasis added). See also *Wright*, __ Fed. App'x __, 2021 WL 245292 at *2.

As the Sixth Circuit has outlined, the policy set forth in U.S.S.G. § 7B1.3(f) "requires any sentence imposed for a federal supervised release or probation violation to be served consecutively to any other term of imprisonment, 'whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.'" *United States v. Burton*, 802 F. App'x 896, 909 (6th Cir. 2020). Following these Guidelines, it was appropriate for the Court to decline to assert that the federal sentence for the violation of supervised release run concurrent to any sentence for the state parole violation.

In sum, the Court finds no authority that the Sentencing Guidelines require that the 18-month sentence it imposed should have run concurrently to the state sentence because the Guidelines and Sixth Circuit guidance recommend the opposite. Both of Petitioner's motions for relief pursuant to Rule 60(b)(5)(6) will be denied because Petitioner has failed to identify any authority requiring that his imposed sentences run concurrently.

    **b.**    **28 U.S.C. § 2255**

6

Next, Petitioner attacks his sentence under 28 U.S.C. §2255(f). ECF No. 45, PageID.108. Petitioner raises the same argument, that according to the Sentencing Guidelines he is entitled to have both his 60-month state sentence and his 18-month federal sentence run concurrently with each other. Additionally, Petitioner asserts that the one-year limitation for filing a 28 U.S.C. § 2255 petition should be excused because he has been "in transit [and] in the custody of MDOC up until 6/10/2020, [and] had no way of discovering if his state and federal sentences were being ran concurrent or not, due to his sentence computation not being complete until June of 2020." ECF No. 45, PageID.108.

An individual serving a sentence imposed by a federal court may challenge that sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. As relief, the prisoner may ask the court which imposed the sentence to correct, vacate, or set it aside. The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involved 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States,* 417 U.S. 333, 346 (1974) (internal quotation marks and citation omitted)). This standard is met only in

7

"exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (internal citations omitted). Accordingly, not every alleged error of law can be raised on a § 2255 motion. *Davis*, 417 U.S. at 346.

Petitioner has failed to identify an error that involved "a fundamental defect" which resulted in a miscarriage of justice, so his claim under 28 U.S.C. § 2255 will be denied. *Davis*, 417 U.S. at 346. It is unclear from Petitioner's motion what the precise constitutional or jurisdictional error is that he seeks raise under §2255. While Petitioner again asserts that his sentences should run concurrently to each other, Petitioner fails to identify a proper ground in support of this attack.

Additionally, even if Petitioner did provide a proper constitutional or otherwise appropriate basis for his §2255 claim, the underlying argument fails for the reasons already discussed. The Sentencing Guidelines do not entitle Petitioner to concurrent sentences. In fact, as discussed in detail above, the commentary and Sixth Circuit precedent suggest the opposite. *See* U.S.S.G. § 7B1.3(f). Because Petitioner has failed to identify any error—much less one that entitles him to relief under § 2255—the Court will deny his motion attacking his sentence.

### c. Compassionate Release

Finally, Petitioner has filed a compassionate release motion requesting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Despite

describing his motion as seeking compassionate release, the grounds Petitioner raises again argue that his federal sentence should have expired because it should have run concurrently with his 60-month continuance for a state parole violation. ECF No. 46, PageID.115.

The First Step Act amended 18 U.S.C. § 3582(c) to allow incarcerated persons to move for compassionate release on their own behalf. *United States v. Alam*, 960 F.3d 831, 834-835 (6th Cir. 2020). In determining whether a petitioner is eligible for compassionate release under 18 U.S.C. § 3582(c), the Court must determine (1) whether he has exhausted his administrative remedies, (2) whether there are "extraordinary and compelling reasons" that warrant his release or if the "the defendant is at least 70 years of age, has served at least 30 years in prison, and . . . the defendant is not a danger to the safety of any other person or the community," and (3) whether his release would be consistent with the factors set forth in § 3553(a). *See, e.g., United States v. Agomuoh*, 461 F. Supp. 3d 626, 629-30 (E.D. Mich. 2020); *United States v. Mitchell*, 472 F. Supp. 3d 403, 406 (E.D. Mich. 2020); *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021) (clarifying that the factors in U.S.S.G. § 1B1.13 are no longer a required component of the compassionate release motion analysis for motions directly filed by defendants). Importantly, "the compassionate release decision is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020).

For the following reasons, the Court concludes that Petitioner is not eligible for compassionate release. First, it is not clear that Petitioner has properly exhausted his administrative rights. Under 18 U.S.C. § 3582(c), an individual may seek compassionate release by filing a motion with the courts after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, while Petitioner indicates that he submitted a request for compassionate release to the warden, he fails to specify a date on which he submitted the request or evidence of a denial. ECF No. 46, PageID.113. As discussed in the Government's response, communications with BOP indicate that Petitioner did not submit a request for a reduction in sentence to the facility. ECF No. 50-3, PageID.180. Petitioner did submit a request for jail credit, but to exhaust under 18 U.S.C. § 3582(c)(1)(A) a petitioner must make a reduction in sentence request. Because there is no evidence that Petitioner exhausted his administrative rights by making a request for compassionate release with the warden of the facility, Petitioner's motion for compassionate release fails.

Secondly, even if the Court did find that Petitioner properly exhausted, his motion would still fail because he has failed to identify any "extraordinary and compelling reasons" that warrant release.

10

Petitioner does not direct the Court to any medical conditions, the COVID-19 pandemic, the conditions of his facility, or any other type of factor that courts in this district have found sufficient to meet the "extraordinary and compelling" standard. Rather, Petitioner again directs the Court to the Sentencing Guidelines and argues that his federal sentence should have already expired because it was to run concurrently with his state parole sentence. As previously discussed, this is contrary to both the law and Sentencing Guidelines.

Petitioner has failed to demonstrate exhaustion and does not direct the Court to any "extraordinary and compelling" factors that would justify release. Accordingly, his motion for compassionate release will be denied.

## CONCLUSION

For these reasons, the Court hereby **DENIES** Petitioner's motion for relief under Rule 60(b)(5)(6) (ECF Nos. 43, 44), 28 U.S.C. § 2255 (ECF No. 45), and 18 U.S.C. § 3582(c) (ECF No. 46). The Court further **DENIES** a certificate of appealability, and **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**

Dated: March 30, 2021     s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE