UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING** |
| *Plaintiff,* | |
| v. | CASE NUMBER: 12-cr-20148-1 |
| JAMMIE COLLIER, | |
| *Defendant.* | |

## I.     Procedural background

On February 12, 2013, a Judgment was entered by United States District Judge Mark A. Goldsmith, committing Defendant to the Federal Bureau of Prisons for a term of 34 months incarceration, to be served concurrently with his state court sentence, case number 08-26397-FH, for Felon in Possession of a Firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (ECF No. 27).

Defendant's initial term of supervised release began on or about March 24, 2016. (ECF No. 33).  On November 18, 2016, United States District Judge Terrence G. Berg issued an Arrest Warrant.  (ECF No. 34).  The warrant was issued due to a violation of supervised release conditions pursuant to an order of this court.  (*Id.*)  On March 17, 2017, a Judgment for Revocation of Supervised Release was entered by Judge Berg, committing Defendant to the Federal Bureau of Prisons for 18 months incarceration. (ECF No. 40).

Defendant's term of supervised release recommenced on or about July 9, 2021.  (ECF No. 55).  On March 10, 2022, Judge Berg issued an Arrest Warrant.  (ECF No. 56). Much like the previous, this warrant was issued because of an alleged violation of supervised release conditions pursuant to an order of this court.  (*Id.*)

Defendant was arrested in the Eastern District of Michigan in connection with that warrant.  On April 26, 2022, Defendant was brought before the Court on an initial appearance for the alleged violation of supervised release conditions.

Defendant was informed of these rights:

   (1) the right to receive written notice of violation and Defendant acknowledged receipt of the same;

(2) the right to hearings conducted by the sentencing Judge to determine if Defendant is guilty of the alleged violations;
(3) the right to retain counsel or to request that counsel be appointed if Defendant cannot afford counsel;
(4) if Defendant is held in custody, the right to a prompt preliminary hearing to determine if probable cause supports the alleged violations under FED. R. CRIM. P. 32.1(a)(3) and (b)(1); and
(5) Defendant was also informed that this preliminary hearing may be waived.

Counsel for Defendant was appointed and present at the initial appearance. Defendant later exercised his right to a detention hearing. So a detention hearing was scheduled.

## II. Detention or release standards

As to detention or release, Rule 32.1(a)(6) provides that the magistrate judge may release or detain the defendant under 18 U.S.C. § 3143(a) (the Bail Reform Act) pending further proceedings.

Under 18 U.S.C. § 3143(a)(1), the court **shall order the defendant be detained unless** persuaded by clear and convincing evidence that the defendant is not likely to flee or pose a danger if released under § 3142(b) or (c). Under Federal Rule of Criminal Procedure 32.1(a)(6) "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any person or to the community rests with the person."

## III.   Detention findings

Here, Defendant's primary violation relates to him absconding from supervision. According to the petition, although instructed to have a minimum of one face to face contact per month with his supervising officer, the supervising officer last had contact with Defendant on November 10, 2021. The supervising officer tried to contact Defendant via telephone and by conducting home visits.

The petition further alleges that when Defendant submitted for random urinalyses he tested positive for marijuana two times.

The Court's findings and reasons for ordering detention were stated on the record at the April 28, 2022 hearing and are fully incorporated by this reference. The court finds that it is not persuaded by clear and convincing evidence that Defendant is unlikely to flee or pose a danger if released under § 3142(b) or (c). This evidence was discussed on the record in support of the Court's reasoning, and includes, but is not limited to evidence that: (1) Defendant has done poorly in general under supervision, including a previous

revocation; (2) Defendant continues to violate terms of supervised release by not having monthly contact with his supervising officer as instructed; and (3) the risk of flight is substantial given the sentence he is facing and thus if revoked he has a strong incentive to flee.

### IV.     Order

I **ORDER** the detention of Defendant without bail pending his supervised release violation hearing with District Judge Terrence G. Berg.

Date: April 28, 2022                               s/Curtis Ivy, Jr.
                                                   Curtis Ivy, Jr.
                                                   United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record and served by other electronic means on the U.S. Marshal Service.

Date: April 28, 2022                               By s/ Kristen MacKay
                                                   Case Manager